# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN ROBERT SELLERS, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-10426-DJC |
| DOCTOR KAZM, et al., | ) | |
| Defendants. | ) | |

## ORDER

**CASPER, J.**                                                                                   April 14, 2017

### I.     Introduction

This action was dismissed on April 27, 2016 after plaintiff John Robert Sellers, Jr. ("Sellers") did not respond to the Court's order to pay the filing fee or seek leave to proceed *in forma pauperis*. Now before the Court is Sellers' motion to reopen the case. For the reasons set forth below, the Court denies the motion but orders that the Clerk return the filing fee to Sellers.

### II.    Background

On February 26, 2016, John Robert Sellers, Jr. ("Sellers"), who is confined at FMC Devens, filed a *pro se* complaint without paying the filing fee or filing a motion for leave to proceed *in forma pauperis*. On March 17, 2016, the Court issued an order, D. 4, directing Sellers to resolve the filing fee by paying it or filing an motion to proceed *in forma pauperis*. Assuming Sellers was a prisoner, as defined in 28 U.S.C. § 1915(h), the Court informed him of the requirement that a motion for leave to proceed *in forma pauperis* be accompanied by a six-month prison account statement. The Court also noted that, even if the Court allowed him to proceed *in forma pauperis*, under the Prison Litigation Reform Act ("PLRA"), he would still be required to pay the filing fee over time. See 28 U.S.C. § 1915(b). The Court directed the Clerk to send a copy of the order to the treasurer of FMC Devens to facilitate any request by Sellers for a copy of his six-month prison account statement.

1

Sellers did not respond to the February 26, 2016 filing fee order. On April 27, 2016, the Court dismissed this action without prejudice for failure to resolve the filing fee, D. 6. However, because the Court had discovered that Sellers was civilly committed and therefore not a prisoner for purposes of 28 U.S.C. § 1915(h), see United States v. Sellers, C.A. No. 00-00567, D. 74 (E.D.N.C. June 5, 2014) (finding that Sellers continues to meet the criteria for civil commitment under 18 U.S.C. § 4246); see also Perkins v. Hedricks, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (holding that civilly committed detainee not a prisoner within the meaning of the PLRA), the Court afforded him twenty-one days to file a motion to reopen and explained that he would not be required to pay the filing fee were the Court to allow him to proceed *in forma pauperis*. At no time did the Court assess an initial partial filing fee or inform the prison treasurer that Sellers had been ordered to pay the filing fee.

Eleven months later, on March 31, 2017, Sellers filed a motion to reopen, D. 8, in which he indicates that the filing fee had "been taken care of." Mot. to Reopen at 1. He does not offer any reason why he did not file the motion to reopen within the twenty-one day period afforded to him in the order dismissing the action. Sellers attached to his motion a document entitled "Debt History," id. at 4, that appears to have been generated by the Bureau of Prisons. The document indicates that Sellers had a "PLRA" debt $400.00, for which he had been making payments since March 22, 2016, just after the Clerk provided the prison treasurer with a copy of the order that Sellers pay the filing fee or seek leave to proceed *in forma pauperis*. The first payment was for $79.09; payments thereafter were in the range of $40.00. The document also shows that twenty percent of his income was deducted to satisfy this debt.

## III. Discussion

The Court denies the motion to reopen. Sellers offers no explanation as to why he waited eleven months after the dismissal of this action. If he wishes to pursue the claims set forth in the complaint, he must commence a new lawsuit.

Nonetheless, the Court orders that the Clerk return to Sellers all payments he made towards

the filing fee. The Court did not order that Sellers be allowed to proceed *in forma pauperis*, assess an initial partial filing fee or order that the remainder of the fee be paid in accordance with 28 U.S.C. § 1915(b)(2). Further, because Sellers is not a prisoner within the meaning of 28 U.S.C. 1915(h), if the Court had allowed him to proceed *in forma pauperis*, he would not have been required to pay the filing fee over time. Therefore, it appears that the payments were made in error, and it is proper to return them to Sellers.

**IV.  Conclusion**

For the foregoing reasons, the Court rules as follows:

A.  The Court DENIES Sellers's motion to reopen the case, D. 8;

B.  The Clerk shall return to Sellers any and all payments made toward the filing fee in this action, including any payment received after the date of this order; and

C.  The Clerk shall mail a copy of this order to the treasurer of the institution having custody of Sellers.

**So ordered.**

                                                  /s/ Denise J. Casper
                                                United States District Judge